BOARD OF REGENTS FOR JUNIOR COLLEGE — ALLOWING USE OF FACILITIES — BINGO The governing board of regents of a junior college, which is a member institution of the Oklahoma State System of Higher Education, is not prohibited from exercising its discretion to allow a duly licensed organization to use facilities owned by such institution for the purpose of conducting lawful bingo games, so long as a reasonable consideration is paid for such use to the institution, as required by Article X, Section 15 of the Oklahoma Constitution, and such use is not disruptive of the usual and ordinary functions of the institution as an educational institution, and so long as this discretion of the governing board is exercised in a reasonable, rational and nondiscriminatory manner. The Attorney General has considered your request for an opinion wherein you ask, in effect, the following question: Are there legal prohibitions against the governing board of regents of a junior college allowing a duly licensed, community organization to use facilities of the college for the purpose of conducting bingo games? Under 70 O.S. 4423 [70-4423] (1976), the governing boards of the various junior colleges, enumerated therein, have the same authority as the governing board of the Tulsa Junior College. Under 70 O.S. 4413 [70-4413] (1971), the governing board of Tulsa Junior College has authority to supervise and manage the college and has the same powers and duties as the governing boards of other institutions in the Oklahoma State System of Higher Education. The governing boards of other institutions in the State System generally have authority to manage or control the property of their respective institutions, see 70 O.S. 3305 [70-3305] and 70 O.S. 3412 [70-3412] [70-3412] (1971), relating to the University of Oklahoma and Oklahoma State University, respectively. Thus, the governing board of any member institution of the State System of Higher Education has discretionary authority as to whether or not to open buildings of the institution to activities and meetings of outside organizations. There is no specific statutory limitation on the purpose for which use of buildings or facilities may be granted, however, it is clear that such use could not be for an unlawful purpose or for some purpose disruptive of the usual functions of the institution as an educational institution. Other than that, under the question you ask, it is within the discretion of the governing board to determine the purpose or purposes for which it will allow or permit the use of its buildings or facilities, subject to the following. Article X, Section 15 of the Oklahoma Constitution, prohibits the State from making a donation by gift or otherwise to any private company, association or corporation. Specifically, the payment of money to private organizations has been held to be violative of this constitutional provision, Children's Home and Welfare Association v. Childers, 197 Okl. 243, 171 P.2d 613
(1946), and Veterans of Foreign Wars of U.S., Department of Oklahoma v. Childers, 197 Okl. 331, 171 P.2d 618
(1946). We find no logical reason why if the payment of money to a private organization or association is prohibited by this provision of the Constitution, that permitting use of state-owned facilities without charge is not likewise prohibited. A governing board of an institution of higher education would, therefore, be required to charge a reasonable fee for the use of buildings or facilities of the institution by private organizations. Further, it should be pointed out that once the governing board of an institution of higher education exercises its discretion to open its buildings or facilities to use by outside organizations or associations, then it must allow such use on a nondiscriminatory and constitutional basis, with reasonable classification as to which organizations or associations may use its facilities, and otherwise exercise its discretion in a reasonable and rational manner, Hennessey v. Ind. School Dist. No. 4, Lincoln County, 552 P.2d 1141 (1976). It is, therefore, the opinion of the Attorney General that your question be answered in the negative. The governing board of regents of a junior college, which is a member institution of the Oklahoma State System of Higher Education, is not prohibited from exercising its discretion to allow a duly licensed organization to use facilities owned by such institution for the purpose of conducting lawful bingo games, so long as a reasonable consideration is paid for such use to the institution, as required by Article X, Section 15 of the Oklahoma Constitution, and such use is not disruptive of the usual and ordinary functions of the institution as an educational institution, and so long as this discretion of the governing board is exercised in a reasonable, rational and nondiscriminatory manner. (GERALD E. WEIS) (ksg)